PICKETT, J.,
dissenting in part and concurring in part.
hThe majority determines that the plaintiffs have stated a cause of action against GSK. I would not reach this issue as to the twenty-one plaintiffs dismissed by the trial court, as I would find that these plaintiffs do not have standing to bring the instant action. That is, I believe the trial court correctly sustained the exception of no right of action as to Brian Hollier, Tina Couvillion, Monsour Realty, LLC, John & Gayle Broussard Revocable Trust, Wilhelm Farms, LLC, Paul Ronald Dale David, Del Dean Mouton David, Walton Hollier, Beverly Monsour, Edward Wilhelm, Susan Wilhelm, Rayetta Meaux, Mary Olive Broussard, Josette Hanks, Jamie Charbonnet, Julia A. Couvillion, William Jude Couvillion, Joseph Couvillion, John Glynn Broussard, Philip Lynn Lan-glinais, and Connie Langlinais Bruoussard. I also agree with the trial court that these plaintiffs do not have a separate cause of action pursuant to 30:2015.1.
The majority believes that the exception of no right of action was improperly sustained because the twenty-one dismissed plaintiffs have proven groundwater | contamination. It eschews the idea that property law should govern a case in which pre-LPLA strict liability for manufacturers of unreasonably dangerous products is at issue. I disagree. If Cooper’s Cattle Dip is found to be unreasonably dangerous per se, the harm to the land was caused when the product was used before 1985. A claim for damage to immovable property is a personal action belonging to the owner of the land. The twenty-one dismissed plaintiffs were not the owners of the affected land when the product was used. They cannot prove that the right to bring a personal action held by the owners of the land at the time of the contamination was transferred to them, or that they inherited the right pursuant to La.Civ.Code art. 2315.1 and brought suit within one year. I would affirm the dismissal of the twenty-one plaintiffs, either because they have no right of action or because they failed to bring their cause of action in a timely manner.
For these reasons, I respectfully dissent in part from the majority opinion. In all other respects, I concur in the result.